Slip Op. 07-127

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                           :
GIORGIO FOODS, INC.,                       :
                                           :
            Plaintiff,                     :
                                           :
    v.                                     :
                                           :
UNITED STATES,                             :      Before:    WALLACH, Judge
                                           :      Court No.:  03-00286
            Defendant,                     :
                                           :
    and                                    :
                                           :
L.K. BOWMAN COMPANY,                       :
MONTEREY MUSHROOMS, INC., and              :
MUSHROOM CANNING COMPANY,                  :
                                           :
            Defendant-Intervenors.         :
_____:

[Plaintiff's Motion for Leave to Amend the Complaint is GRANTED IN PART and DENIED IN PART.]

Dated: August 21, 2007

Arnold & Porter LLP, (Michael T. Shor) for Plaintiff Giorgio Foods, Inc.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Paul D. Kovac and David Silverbrand), for Defendant United States Customs and Border Protection; and David A.J. Goldfine and Neal J. Reynolds, Office of the General Counsel, for Defendant U.S. International Trade Commission.

Kelley Drye Collier Shannon, (Michael J. Coursey and R. Alan Luberda) for Defendant-Intervenors L.K. Bowman Company, Monterey Mushrooms, Inc., and Mushroom Canning Company.

## OPINION

**Wallach, Judge:**

# I
## INTRODUCTION

Plaintiff Giorgio Foods, Inc. ("Giorgio") has filed a Motion for Leave to Amend the Complaint seeking to amend its Complaint in five ways.  First, it requests to drop its statutory claim that the United States International Trade Commission's ("ITC" or "the Commission") decision to deny it status as an "affected domestic producer" was in violation of the Continued Dumping and Subsidy Offset Act, 19 U.S.C. § 1675(c) ("CDSOA").  Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend the Complaint ("Plaintiff's Motion") at 1.  Second, Giorgio seeks to add a claim that the CDSOA's support requirement violates the Equal Protection Clause of the United States. Id.  Third, Plaintiff requests the addition of Sunny Dell Foods, Inc. ("Sunny Dell") as a defendant, and the addition of a claim for restitution/unjust enrichment against the Government, Defendant-Intervenors and Sunny Dell. Id.  Fourth, Giorgio wants to "update" its claims and add "factual allegations" to account for developments since the case was filed and stayed in 2003 pending resolution of cross motions for judgment upon the agency record in P.S. Chez Sidney v. U.S. Int'l Trade Comm'n, Court No. 02-00635. Id.; Giorgio Foods, Inc. v. United States, Court No. 03-00286 (CIT October 10, 2003).  Finally, Plaintiff seeks to clarify its requested relief. Plaintiff's Motion at 1.

For the reasons stated below, Giorgio's Motion is granted in part and denied in part.  As to its first, second, fourth and fifth requests, its Motion is granted.  As to its third, its request to add Sunny Dell as a defendant is denied, and its request to add an unjust enrichment/restitution

claim is granted.

# II
# BACKGROUND

This case was commenced on May 23, 2003.  After the Complaint and Answer were filed, the court issued an Order staying this case pending the resolution of cross motions for judgment upon the agency record in P.S. Chez Sidney LLC v. U.S. Int'l Trade Comm'n. Giorgio Foods, Inc. v. United States, Court No. 03-00286 (CIT October 10, 2003).  On July 13, 2006, this court issued its decision in Chez Sidney, holding the support requirement of the Continued Dumping and Subsidy Offset Act[1] unconstitutional as violative of the First Amendment right to free speech. Chez Sidney, 442 F. Supp. 2d 1329, 1333 (CIT 2006).

# III
# STANDARD OF REVIEW

USCIT R. 15(a), which parallels Rule 15(a) of the Federal Rules of Civil Procedure, governs amendments to a party's complaint.  When a party seeks to amend its pleading more than 20 days after service of the pleading, amendments may be granted only by leave of the court or by written consent of the adverse party. USCIT R. 15(a).  "Leave shall be given freely when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  The granting of a motion for leave to amend the pleadings is within the sound discretion of the court. Intrepid v. Pollock, 907 F.2d 1125, 1129 (Fed. Cir. 1990).  Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of

---

[1] 19 U.S.C. § 1675c (2000), Pub. L. No. 106-387 § 1002, 114 Stat. 1549, repealed by Pub. L. No. 109-171, Title VII, Subtitle F § 7601(a), 120 Stat. 154 (February 8, 2006).

amendment, or undue prejudice to the opposing party, leave to amend should be liberally given. Foman, 371 U.S. at 182.  In exercising its discretion, the court will consider a variety of factors including, but not limited to, "1) the timeliness of the motion to amend the pleadings; 2) the potential prejudice to the opposing party; 3) whether additional discovery will be necessary; 4) the procedural posture of the litigation; 5) whether the omitted counterclaim is compulsory; 6) the impact on the court's docket; and 7) the public interest." Tomoegawa (U.S.A.), Inc. v. United States, 15 CIT 182, 186, 763 F. Supp. 614 (1991) (citing Budd Co. v. Travelers Indem. Co., 109 F.R.D. 561, 563 (E.D. Mich. 1986)).

## IV
## DISCUSSION

The USCIT R. 15(a) provision to file an amendment to the pleadings as of right clearly does not apply here because Plaintiff's Motion to Amend is well beyond the 20-day statutory limit, the original Complaint having been filed on May 23, 2003.

Both Defendant United States and the United States International Trade Commission object only to Plaintiff's request to add an unjust enrichment/restitution claim Sunny Dell as a defendant.

Defendant-Intervenors, the L.K. Bowman Company, Monterey Mushrooms, Inc., and Mushroom Canning Company, do not oppose Plaintiff's first request to drop its statutory claim against the ITC and Plaintiff's request to update the facts it deems relevant to its claims.  They take no position on Plaintiff's request to add an equal protection argument based on the court's opinion in SKF USA Inc. v. United States, 451 F. Supp. 2d 1355 (CIT 2006) and object to the remaining amendments proposed by Plaintiff. Partial Opposition to Plaintiff's Motion for Leave

to Amend Complaint ("Def.-Intervenors' Response") at 2.

**1**
**Plaintiff May Drop its Statutory Claim Against the ITC**

Plaintiff seeks to drop its statutory claim against the ITC, in which it claimed that the

ITC's decision to deny it "affected domestic producer" status was in violation of the CDSOA.

Defendant and Defendant-Intervenors having no objections to dropping this claim, and the court

seeing no reason not to grant Giorgio's Motion to Amend to drop this claim, Plaintiff's request is

granted.

**2**
**Plaintiff May Add a Claim Alleging that the Support Requirement is in Violation of the**
**Equal Protection Clause, Based on the Outcome in SKF USA Inc., 451 F. Supp. 2d 1355**

Plaintiff may amend its Complaint to add a claim alleging that the support requirement in

the CDSOA violates the Equal Protection Clause because the issue is a legal one and no undue

prejudice will result to the opposing parties if the amendment is permitted. See Timken Co. v.

United States, 15 CIT 658, 659, 779 F. Supp. 1402 (1991).

Plaintiff seeks to add this claim because the CDSOA was held unconstitutional on equal

protection grounds in SKF USA Inc., 451 F. Supp. 2d 1355. The ruling is relevant to this case

and Defendant United States and the ITC would not be prejudiced by including this issue, since

they have already encountered it before.  In Rhone Poulenc S.A. v. United States, 7 CIT 133, 583

F. Supp. 607 (1984), the court based its decision to allow Plaintiff to amend its Complaint on the

court's reasoning in Silver Reed America, Inc. v. United States, 7 CIT 23, 581 F. Supp. 1290

(1984), which held that Plaintiff could amend its pleadings when an opinion of this court,

relevant to its case, was issued after all the responsive pleadings were served.  The court in

Rhone Poulenc S.A. also stated that since the issue was one of law which did not require either

additional fact-finding or a new trial there was no undue prejudice to the Government. Rhone

Poulenc, 7 CIT at 136; but see Saarstahl AG v. United States, 20 CIT 1413, 1420-21, 949 F.

Supp. 863 (1996) (finding that granting Plaintiff's motion for leave to amend would "necessitate

opening up the record and would create undue delay and expenditure of scarce party time and

resources;" such delay constitutes prejudice).

      Defendant-Intervenors argue that Giorgio could have raised this claim in its original

Complaint, and does not explain why it "waited until the Court's decision in the SKF case."

Def.-Intervenors' Response at 2.  The fact that Giorgio did not originally raise this issue does not

preclude it from seeking the addition of the claim now.  "[P]arties 'have been permitted to amend

their pleadings to assert new claims long after they acquired the facts necessary to support those

claims.'" ResQNet.com, Inc. v. Lansa, Inc., 382 F. Supp. 2d 424, 450 (S.D.N.Y. 2005) (quoting

Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).  The stay in

this case was lifted when the decision in Chez Sidney was issued, two months before the decision

in SKF USA Inc., 451 F. Supp. 2d 1355.  Less than one month later, Plaintiff filed motions for a

temporary restraining order and a preliminary injunction.  Three weeks after those motions were

decided by the court, Plaintiff filed its Motion to for Leave to Amend Complaint.  While "[a]

litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in

deciding whether to grant leave to amend," Giorgio filed its motion in a reasonable amount of

time. Te-Moak Bands of W. Shoshone Indians of Nev. v. United States, 948 F.2d 1258, 1262

(Fed. Cir. 1991) (quoting Carson v. Polley, 689 F.2d 562, 584 (5th Cir. 1982)).

Although Plaintiff could have brought this claim in its original motion, absent prejudice to the opposing parties, and given that the opposing parties do not object to this amendment, the liberal position of the federal rules for granting amendments weighs in favor of Plaintiff here. Thus, Plaintiff's request to add a claim is granted.

**3**
**Plaintiff May Add a Claim for Restitution/Unjust Enrichment Against the Government and Defendant-Intervenors, But Not Sunny Dell**

Plaintiff seeks to add Sunny Dell, a domestic mushroom producer, as a defendant, and also requests the addition of a claim of unjust enrichment/restitution against the Government, Defendant-Intervenors, and Sunny Dell. Plaintiff's Motion at 3-4.

**A**
**Plaintiff May Not Add Sunny Dell as a Defendant**

Plaintiff initially contested proposed Defendant-Intervenors' intervention in this case in its Opposition to Motion to Intervene, filed in August 2006, in which it stated that "the granting of intervention at this stage . . . would prejudice plaintiff." Giorgio Foods, Inc.'s Opposition to Motion to Intervene ("Opposition") at 1.  The court held a hearing on September 12, 2006, concerning proposed Defendant-Intervenor's Motion to Intervene, at which time Plaintiff argued that it was prejudiced because there was no opportunity for discovery concerning how proposed Defendant-Intervenors used their CDSOA offset distributions.  At the hearing, Plaintiff stated that the only substantial prejudice it would suffer from the granting of Defendant-Intervenors' Motion would be not having the Chief Financial Officers of each proposed intervenor as witnesses at the Preliminary Injunction hearing on account of the short notice.  The court had

informed the parties and proposed Defendant-Intervenors that failure to produce such witnesses

would result in the denial of the motion to intervene as to that company.  On September 13,

2006, the Motion to Intervene was granted as to Monterey Mushrooms, Inc., L.K. Bowman

Company, and Mushroom Canning Company, and denied as to Sunny Dell Foods, Inc. Order

Granting in Part and Denying in Part Motion to Intervene, Giorgio Foods, Inc. v. United States,

Court No. 03-00286 (CIT September 13, 2006).  The Motion was denied as to Sunny Dell

because it failed to produce a witness at the hearing. Id.

In Plaintiff's Motion for Leave to Amend its Complaint, Plaintiff argues that Sunny Dell

should be added as a defendant, stating that "Sunny Dell itself previously sought to intervene in

this case, which intervention was denied only because it could not produce a witness for the

preliminary injunction hearing." Plaintiff's Motion at 4 (emphasis added).  Plaintiff also states

that the addition of Sunny Dell as a party would be "without prejudice to any interested party."

Id.

Defendant argues that Sunny Dell cannot be added as a party because the court lacks

personal jurisdiction.[2] Defendant's Response to Plaintiff's Motion to Amend the Complaint

---

[2] In a footnote, Defendant also argues that Plaintiff's attempt to include Sunny Dell is procedurally lacking since it did not also seek to amend the summons. Defendant's Response at 5 n.1.  Plaintiff counters that it "would have been premature to file or serve Sunny Dell with an amended summons before the motion to amend is granted." Plaintiff's Reply in Support of its Motion for Leave to Amend the Complaint at 17.

The purpose of a summons is to provide notice to other parties of commencement of an action. DaimlerChrysler v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1205 at 109, § 1215 at 173 (3d ed. 2004).  Since the case has already commenced, Defendant cannot claim lack of notice or prejudice based on not receiving a second summons. Amendment of the complaint and the summons are discretionary; therefore, Plaintiff is correct that it would have been premature to serve an amended summons before its Motion for Leave to Amend the Complaint is even granted. See USCIT R. 3(e), 15(a). Because this issue will be decided on alternate grounds, this

("Defendant's Response") at 5. Jurisdictional issues are addressed in the next section.

Defendant-Intervenors object to Plaintiff's proposal to add Sunny Dell as a Defendant because the court lacks jurisdiction to entertain a claim of one private party against another private party. Def.-Intervenors' Reponse at 3.

Having previously contested Sunny Dell's intervention as a defendant-intervenor, Plaintiff now seeks to add Sunny Dell as a defendant.  Given that Sunny Dell declined to produce a witness at the Hearing on its Motion to Intervene in order to successfully intervene as per the court's instruction, the court having previously ruled, based on Giorgio's allegations of prejudice, that the addition of a Sunny Dell as a Defendant-Intervenor without production of a witness would unduly prejudice Plaintiff, Plaintiff has presented no sufficient reason why its previous position should be disregarded.  Its motion is, on that point, denied.

## B
## Unjust Enrichment/Restitution Claim

Giorgio argues that because its challenges to the CDSOA fall within the court's original jurisdiction under 28 U.S.C. § 1581(i)(2) and (4), the court therefore possesses supplemental jurisdiction to entertain its claim of unjust enrichment/restitution. Proposed First Amended Complaint ¶¶ 9, 10 (referencing United States v. Hanover Ins. Co., 18 CIT 991, 992-93, 869 F. Supp. 950 (1994), aff'd 82 F.3d 1052 (Fed. Cir. 1996)).  Plaintiff further argues that § 1367 allows the exercise of supplemental jurisdiction over its claim as asserted against the private parties because it is related to the same case or controversy, citing the statute's legislative history and related case law as support. Plaintiff's Reply in Support of its Motion for Leave to Amend

---

argument is not relevant to the court's determination.

the Complaint ("Reply") at 5 (citing <u>Associacao Dos Industriais de Cordoaria E Redes v. United States</u>, 17 CIT 754, 763, 828 F. Supp. 978 (1993)), 10 (referencing 101 Cong. Rec. S17578 (daily ed. October 27, 1990) (statement of Sen. Grassley)).

Defendant counters that the court lacks the jurisdiction to adjudicate any claims pertaining to unjust enrichment or restitution. Defendant's Response at 2.  Therefore, Defendant says, any amendment to allow this claim would be futile. <u>Id.</u> at 6.

Defendant-Intervenors argue that both they and Sunny Dell will be prejudiced by defending a claim of unjust enrichment/restitution for which the court does not have jurisdiction. Def.-Intervenors' Response at 3.

The sole way by which Defendant-Intervenors allege they will be prejudiced is by having "to spend the money and resources to defend a new action for which the Court has no jurisdiction." <u>Id.</u>  While Giorgio indeed carries the burden of demonstrating that jurisdiction is proper, in alleging prejudice, Defendant-Intervenors carry the burden of showing they will suffer undue prejudice if this part of Plaintiff's Motion to Amend is granted. <u>ResQNet.com, Inc.</u>, 382 F. Supp. 2d at 449.  Moreover, "allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" <u>ResQNet.com, Inc.</u>, 382 F. Supp. 2d at 451 (quoting <u>A.V. By Versace, Inc. v. Gianni Versace, S.p.A.</u>, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)).  By the standards articulated by other courts, Defendant-Intervenors have not sufficiently demonstrated how allowance of the amendment would result in undue prejudice.

Defendant-Intervenors also contest the court's citation to <u>Laskowksi v. Spellings</u>, 443 F.3d 930, 934-35 (7th Cir. 2006), and <u>Americans United for Separation of Church and State v. Prison Fellowship Minstries</u>, 432 F. Supp. 2d 862, 938 (S.D. Iowa 2006), in its Order denying

10

Preliminary Injunction.  They argue that those cases are inapposite to whether Plaintiff could

pursue a remedy in equity based on a theory of unjust enrichment because those types of actions,

which involved "tax payer suits compelling private parties to disgorge public funds back to an

agency as a result of the unconstitutional use of the funds by a private party," are not available at

this court. Def.-Intervenors' Response at 6-7 (citing Order Denying Preliminary Injunction,

Giorgio Foods, Inc. v. United States, Court No. 03-00286 (CIT September 22, 2006)).

Defendant-Intervenors further argue that the court lacks jurisdiction when a private party seeks to

disgorge funds directly from another private party, as is the case here. Id. at 5.

   In addition, Defendant argues that the court lacks jurisdiction to order relief in equity,

citing statutes concerning salary, security, and assignment of judges, which specifically named

the Court of International Trade and the federal district courts, as evidence that the supplemental

jurisdiction statute is inapplicable to this court. Defendant's Response at 4 (citing Pub. L. No.

101-194, Title VII § 703, 103 Stat. 1768; 5 U.S.C. Appx. § 109(10); 28 U.S.C. § 292(e); 28

U.S.C. § 293(a); 28 U.S.C. § 566).  Defendant also cites cases before the Customs Court as

support for its argument.  This line of argument is inapposite.  The Customs Court was an Article

I court, while this court, as a result of the Customs Court Act of 1980, is an Article III court, with

the same power as a district court. Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat.

1727 (1980).

   Moreover, under 28 U.S.C. § 1585, the Court of International Trade possesses all the

power in law and equity or as conferred by statute on a federal district court. Section 1585 states:

"The Court of International Trade shall possess all the powers in law and equity of, or as

conferred by statute upon, a district court of the United States."  The Federal Circuit's statement

in <u>Borlem S.A.-Empreedimentos Industriais v. United States</u>, 913 F.2d 933, 936 (Fed. Cir. 1990)

is instructive here.

> This court recently stated in <u>Rhone Poulenc, Inc. v. United States</u>, 880 F.2d 401,
> 402 (Fed. Cir. 1989) that "[the Court of International Trade] is a national court
> under Article III of the Constitution" and noted that the legislative history of 28
> U.S.C. § 1585 (1980) provides the Court of International Trade "with all the
> necessary remedial powers in law and equity possessed by other federal courts
> established under Article III of the Constitution."

<u>Borlem</u>, 913 F.2d at 936 (citations omitted).  The court in <u>Wear Me Apparel Corp. v. United

States</u>, 1 CIT 194, 197-98, 511 F. Supp. 814 (1981), examining the same issue as that under

analysis here, noted:

> It is further to be observed that not only does this court have subject matter
> jurisdiction as to all of plaintiff's claims, it also has the power to do equity
> regarding them by virtue of 28 U.S.C. 1585 and 2643 (c)(1) which likewise were
> provided for in the Customs Courts Act of 1980 . . . . Under [28 U.S.C. § 1585], it
> is clear that this court "does possess the same plenary powers as a Federal district
> court." H.R. Rept. No. 96-1235.  Added to that, section 2643(c)(1) provides that
> (with certain exceptions not relevant here), this court "may . . . order any . . . form
> of relief that is appropriate in a civil action, including, but not limited to,
> declaratory judgments, orders of remand, injunctions, and writs of mandamus and
> prohibition." As the House Committee on the Judiciary stated: "Subsection (c)(1)
> is a general grant of authority for the Court of International Trade to order any
> form of relief that it deems appropriate under the circumstances [and] [it] is the
> Committee's intent that this authorization be deemed to grant the Court of
> International Trade remedial powers coextensive with those of a Federal district
> court."

<u>Wear Me Apparel Corp.</u>, 1 CIT at 197-198 (citations omitted).  Finally, enactment of the

Customs Court Act rendered an earlier decision holding that the predecessor Customs Court

lacked power to grant equitable relief no longer viable precedent. <u>Rhone Poulenc, Inc.</u>, 880 F.2d

at 401.

Because it is established that the court possesses the power to order relief in equity, the

secondary question is whether the court possesses supplemental jurisdiction under 28 U.S.C. § 1367 to entertain such a claim by a private party against a private party.[3] <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 559, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Plaintiff has the burden of demonstrating jurisdiction is proper. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936).

The Court of International Trade possesses power equal to the federal district courts to fashion remedies, and "28 U.S.C. § 1367(a) [is] made applicable to the Court of International Trade by 28 U.S.C. § 1585." <u>B-West Imports, Inc. v. United States</u>, 75 F.3d 633, 635 (Fed. Cir. 1996). However, § 1585 cannot supply this court with subject matter jurisdiction when none otherwise exists under 28 U.S.C. § 1581-1584. <u>Kidco, Inc. v. United States</u>, 4 CIT 103, 104 (1982).

The claims contained in Plaintiff's Complaint fall within the court's original jurisdiction under 28 U.S.C. § 1581(i)(2) and (4).  Plaintiff's unjust enrichment/restitution claim, as asserted against the Government, also falls within this court's original jurisdiction, under those same sections.  Since the court is empowered to order equity relief under § 1585, supplemental jurisdiction under 28 U.S.C. § 1367 is not necessary to confer subject matter jurisdiction over

---

[3] Section 1367(a) states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction <u>that they form part of the same case or controversy</u> under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of <u>additional parties</u>.

28 U.S.C. § 1367(a) (emphasis added).

Plaintiff's unjust enrichment/restitution claim against the United States.  To the extent that the

claim is asserted against Defendant-Intervenors and Sunny Dell, the question is whether a direct

claim asserted between two private parties is within the scope of the court's supplemental

jurisdiction.  The answer is determined by a review of the relevant statutes and precedent.

For purposes of original jurisdiction, the parties against whom the Court of International

Trade may order a remedy is limited by 28 U.S.C. § 2643.  The types of relief the court may

order is articulated in § 2643, which allows the court to enter money judgments:

> (1) for or against the United States in any civil action commenced under section
> 1581 or 1582 of this title; and (2) for or against the United States or any other
> party in any counterclaim, cross-claim, or third-party action.

28 U.S.C. § 2643(a); See 28 U.S.C. §§ 1581-1583.

The statute clearly delineates that the court may enter a money judgment against a party

other the United States only in a counterclaim, cross-claim, or third-party action. 28 U.S.C. §

2643(a); cf. United States ex rel. Felton v. Allflex USA, Inc., 21 CIT 1344, 1346, 989 F. Supp.

259 (1997) (where the action was not commenced by the United States pursuant to statute, the

Court of International Trade did not possess subject matter jurisdiction, and the court is "obliged

to decline jurisdiction.").  Because Plaintiff's claim is a direct claim against private parties, the

court may hear this claim by invoking supplemental jurisdiction under § 1367.  In enacting the

supplemental jurisdiction statute, the House of Representatives noted: "[i]n providing for

supplemental jurisdiction over claims involving the addition of parties, subsection (a) explicitly

fulfills the statutory gap noted in Finley v. United States, [490 U.S. 545, 109 S. Ct. 2003, 104 L.

14

Ed. 2d 593 (1989)]." 101 Cong. Rec. S17578 (statement of Sen. Grassley).[4]  Therefore, while

§ 1585 provides for equitable remedial powers on par with the district courts, § 2643 provides

this court with more limited jurisdiction than that of the district courts. Associacao, 17 CIT at

759 n.5.

Plaintiff overstates the breadth of Associacao when it argues, "this Court made it clear

that its supplemental jurisdiction extended to claims by a private party against another private

party . . . rejecting the argument the Government once again advances here . . . ." Reply at 5

(citing Defendant's Response at 5).  While the court in Associacao did not dismiss outright the

claims of one private party against another private party, it did not reach the issue of whether

court retained jurisdiction over the petitioners because the court's original jurisdiction claims

were dismissed, requiring it to dismiss the claims "whose jurisdiction was purely supplemental."

Associacao, 17 CIT at 763.

However, the Supreme Court in Exxon Mobil Corp. clarified the issue, stating that while

jurisdictional statutes should not be interpreted more expansively than intended, it is equally

important "not to adopt an artificial construction that is narrower than what the text provides."

545 U.S. at 558.  The court noted that additional parties may be included within the ambit of a

---

[4] Plaintiff quotes the House discussions prior to enactment of § 1367 as standing for the proposition that statute was enacted to "'erase any doubt' about the authority of . . . 'the district courts to exercise supplemental jurisdiction over . . . claims involving the joinder of additional parties." Plaintiff's Reply at 10 (citing id.).  However, reading the sentence in context demonstrates the lack of cogency in Plaintiff's argument: "In federal question cases, [the statute] broadly authorizes the district courts to exercise supplemental jurisdiction over additional claims, including claims involving the joinder of additional parties." 101 Cong. Rec. S17578.  The Court of International Trade's bases for subject matter jurisdiction are embodied in 28 U.S.C. § 1581-1584, and not in the federal district courts' federal question statute, 28 U.S.C. § 1331.  This overstatement is not fatal to Plaintiff's argument though, because case law does support Plaintiff's overall position that supplemental jurisdiction is available to this court.

court's supplemental jurisdiction, <u>as long as original jurisdiction exists for the action</u>, saying

"[t]he last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends

to claims involving joinder or intervention of additional parties." <u>Id.</u>  The Court continued,

"[o]nce the court determines it has original jurisdiction over the civil action, it can turn to the

question whether it has a constitutional and statutory basis for exercising supplemental

jurisdiction over the other claims in the action." <u>Id.</u> at 559.  Here, there is no jurisdiction to hear

Plaintiff's Sunny Dell claim, supplemental or otherwise, since Plaintiff seeks to add a party

outside the court's jurisdiction.  Without that jurisdiction, this court does not possess the power

to entertain an unjust enrichment or restitution claim interposed by a private party against another

private party. <u>Id.</u> at 558.

  As to the now existing Defendants, including the Defendant-Intervenors, Plaintiff's claim

is related to the same case and controversy, which is Commerce's administration of the Byrd

Amendment offset distribution program.  The issues and parties being sufficiently intertwined,

this court has the power to exercise its supplemental jurisdiction and entertain a direct claim by a

private party against a private party. <u>See id.</u>  Thus, Plaintiff may amend its Complaint to add a

claim of unjust enrichment/restitution against the Government and Defendant-Intervenors.

**4**
**Plaintiff May Update its Factual Allegations to Bring the Case Up-to-Date**

  Plaintiff seeks to update its factual allegations to take account of the developments in the

case since the filing of its original complaint in 2003, including information it gained at the

Preliminary Injunction Hearing and facts in support of its new claims. Plaintiff's Motion at 3.

  No parties having objected to this request, it is granted.  "The federal courts consistently

grant motions to amend where it appears that new facts and allegations were developed during

discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings."

ResQNet.com, Inc., 382 F. Supp. 2d at 450 (quoting Xpressions Footwear Corp. v. Peters, Nos.

94 Civ. 6136 (JGK) et al., 1995 U.S. Dist. LEXIS 19122, at *2 (S.D.N.Y. 1995)).

**5**
**Plaintiff May Clarify its Requested Relief**

Giorgio seeks to clarify its requested relief in accordance with its modified claims.

Plaintiff's Motion at 1.  Defendant-Intervenors object, without further explanation, to Plaintiff's

proposed amendment to clarify its requested relief. Def.-Intervenors' Response at 3.  The

Government does not object.

Because Defendant-Intervenors have offered no reason why this amendment should not

be allowed, and no factors in Foman v. Davis, 371 U.S. 178, weighing against it, Plaintiff's

request to clarify its requested relief is granted.

**V**
**CONCLUSION**

The interests of justice weigh in favor of liberally allowing amendments to pleadings.

Plaintiff's Motion to Amend the Complaint is granted in part, granting all claims but the request

to add Sunny Dell as a defendant.  Plaintiff's Amended Complaint is deemed filed as of the date

of this opinion.


_/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Dated: August 21, 2007
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

_____      :
                                             :
GIORGIO FOODS, INC.,                         :
                                             :
                    Plaintiff,               :
                                             :
          v.                                 :
                                             :
UNITED STATES,                               :      Before:    WALLACH, Judge
                                             :      Court No.:  03-00286
                    Defendant,               :
                                             :
          and                                :
                                             :
L.K. BOWMAN COMPANY,                         :
MONTEREY MUSHROOMS, INC., and                :
MUSHROOM CANNING COMPANY,                    :
                                             :
                    Defendant-Intervenors.   :
_____      :

## ORDER AND JUDGMENT

          Upon consideration of Plaintiff's Motion for Leave to Amend the Complaint ("Plaintiff's Motion"); the court having reviewed all pleadings and papers on file herein, and good cause appearing therefor, it is hereby

          ORDERED that Plaintiff's Motion is GRANTED as to its first, second, fourth and fifth requests to amend its Complaint, set forth in its Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend the Complaint, and DENIED as to its third request.


                                   /s/ Evan J. Wallach_____
                                    Evan J. Wallach, Judge

Dated: August 21, 2007
       New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                              Deputy Clerk