Slip Op. 11- 139

UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| GIORGIO FOODS, INC., | : |
| Plaintiff, | : |
| v. | : |
| UNITED STATES, | :  Before:   WALLACH, Judge |
|  | :  Court No.:  03-00286 |
| Defendant, | : |
| and | : |
| L.K. BOWMAN COMPANY, MONTEREY MUSHROOMS, INC., and MUSHROOM CANNING COMPANY, | : |
| Defendant-Intervenors. | : |

[Plaintiff's Second Motion for Leave to Amend the Complaint is GRANTED IN PART and DENIED IN PART.]

Dated: November 17, 2011

Arnold & Porter, LLP (Michael T. Shor and Sarah Brackney Arni) for Plaintiff Giorgio Foods, Inc.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Courtney S. McNamara) and Andrew G. Jones, Office of Assistant Chief Counsel, United States Customs and Border Protection, Of Counsel, and James M. Lyons, General Counsel, Neal J. Reynolds, Assistant General Counsel, U.S. International Trade Commission (Patrick V. Gallagher, Jr.) for Defendant United States.

Akin, Gump, Strauss, Hauer & Feld, LLP (Valerie A. Slater and W. Randolph Teslik) for Defendant-Intervenors L.K. Bowman Company and The Mushroom Company.

Kelley Drye & Warren, LLP (Michael J. Coursey and R. Alan Luberda) for Defendant-

1

Intervenor Monterey Mushrooms, Inc.

## **OPINION**

**Wallach, Judge:**

## I
## INTRODUCTION

Plaintiff Giorgio Foods, Inc. ("Giorgio" or "Plaintiff") filed a Second Motion for Leave to Amend the Complaint ("Plaintiff's Motion") seeking to amend its Complaint in five ways. First, in light of the Federal Circuit's decision in SKF USA, Inc. v. U.S. Customs and Border Prot., 556 F.3d 1337 (Fed. Cir. 2009), cert. denied, 130 S. Ct. 3273, 176 L. Ed. 2d 1182 (2010), Giorgio wishes to drop its First Amendment facial challenge to the petition support eligibility requirement of the Continued Dumping and Subsidy Offset Act, 19 U.S.C. 1675(c) ("CDSOA") while maintaining its challenge to the requirement as applied to Giorgio. Memorandum of Law in Support of Plaintiff's Second Motion for Leave to Amend the Complaint ("Plaintiff's Memo") at 2-3. Second, Giorgio wishes to drop its Equal Protection facial challenge to the petition support eligibility requirement of the CDSOA while maintaining its challenge to the requirement as applied to Giorgio. Id. Third, Giorgio requests to add a claim "for statutory violations, claiming that the [U.S. International Trade Commission] and [U.S. Customs and Border Protection] acted inconsistently with the statute in ruling that Giorgio had not satisfied the statute's petition support requirement, and in otherwise denying CDSOA distributions to Giorgio." Id. Fourth, Giorgio also requests to add a claim, "in the alternative, for violation of the Due Process Clause." Id. at 3. Fifth, Giorgio seeks to clarify its requested relief "to state that it is specifically seeking money damages from the United States." Id. at 4. The court has jurisdiction

2

over this matter pursuant to 28 U.S.C. § 1581(i).

For the reasons stated below, Giorgio's Motion is GRANTED in part and DENIED in part.  As to its first and second requests, Plaintiff's Motion is GRANTED; as to its third, fourth, and fifth requests, Plaintiff's Motion is DENIED.

## II
## BACKGROUND

In order to qualify for distributions under the CDSOA,[1] an entity must qualify as an "affected domestic producer." 19 U.S.C. § 1675c(a) (2000) (repealed 2006); see also SKF USA, 556 F.3d 1337; Cathedral Candle Co. v. U.S. Int'l Trade Comm'n, 400 F.3d 1352 (Fed. Cir. 2005).  An "affected domestic producer" is defined as either a "petitioner" or an "interested party in support of the petition with respect to which an antidumping duty order . . . has been entered," the latter indicating its support "by letter or through questionnaire response." 19 U.S.C. § 1675c(b)(1)(A), (d)(1) (2000) (repealed 2006).

Prior to the enactment of the CDSOA, from 1998-99, the U.S. International Trade Commission ("ITC") conducted antidumping duty injury investigations concerning certain preserved mushrooms from Chile, China, India, and Indonesia. See Plaintiff's Complaint, Doc. No. 4 at 2, 4.[2]  In response to the ITC's questionnaires in these investigations, Plaintiff "indicated

---

[1] 19 U.S.C. § 1675c (2000), Pub. L. No. 106-387, Title X, §§ 1001-03, 114 Stat. 1549, 1549A73-A75 (2000), repealed by Pub. L. No. 109-171, Title VII, Subtitle F, § 7601(a), 120 Stat. 4, 154 (2006).

[2] The investigations resulted in the following: Notice of Antidumping Duty Order: Certain Preserved Mushrooms from Chile, 63 Fed. Reg. 66,529 (December 2, 1998); Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms from the People's Republic of China, 64 Fed. Reg. 8,308 (February 19, 1999); Notice of Antidumping Duty Order: Certain Preserved Mushrooms from Indonesia, 64 Fed. Reg. 8,310 (February 19, 1999); Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms from India, 64 Fed. Reg. 8,311 (February 19, 1999).

that it (1) took no position with respect to the petition filed against preserved mushrooms from Chile, China, and Indonesia, and (2) opposed the petition with respect to India." Plaintiff's Proposed First Amended Complaint, Doc. No. 59-2 at 8.[3]

In May 2003, Giorgio commenced this action to challenge its exclusion from the list of affected domestic producers compiled by the ITC and from the resulting distributions by U.S. Customs and Border Protection ("Customs") of funds under the CDSOA. Id. at 5-6.  Giorgio then sought to amend its original complaint, abandoning its statutory claim that the ITC violated the CDSOA and adding an Equal Protection Clause constitutional claim as well as a claim for unjust enrichment. Giorgio Foods, Inc.'s Motion for Leave to Amend Complaint, Doc. No. 59 at 1.[4]  The court granted Giorgio's motion to amend its original complaint in part. Giorgio Foods, Inc. v. United States, 31 CIT 1261, 515 F. Supp. 2d 1313 (2007).[5]  Giorgio then successfully sought to include in the administrative record documents from the preliminary and final antidumping injury investigations regarding Certain Preserved Mushrooms from Chile, China, India, and Indonesia, Invs. 731-TA-776-779. Plaintiff's Motion to Complete the ITC Record, Doc. No. 95; Giorgio Foods, Inc. v. United States, 755 F. Supp. 2d 1342 (CIT 2011).

Plaintiff now "seeks to amend and supplement its complaint to take into consideration (1) the Federal Circuit's decision in [SKF], (2) the documents Giorgio obtained from the [ITC] after the Court granted Giorgio's Motion to Complete The Agency Record, and (3) new facts that

---

[3] All references to Document Numbers will be to the public versions of documents submitted by parties.

[4] Concurrently, the Federal Circuit decided SKF, holding that the CDSOA was not in violation of the First Amendment or the Equal Protection guarantees under the Fifth Amendment. SKF USA, 556 F.3d at 1340.

[5] Giorgio's request to amend its original complaint to add a new defendant was denied. Giorgio Foods, 31 CIT at 1262.  All other requests to amend were granted. Id.

have occurred since the acceptance by this Court of the First Amended Complaint in 2007." Plaintiff's Motion at 1 (internal citations omitted).

## III
## STANDARD OF REVIEW

USCIT R. 15(a), which parallels Rule 15(a) of the Federal Rules of Civil Procedure, governs amendments to a party's complaint. When a party seeks to amend its pleading before a trial has been set, amendments may be granted only by leave of the court or by written consent of the adverse party. USCIT R. 15(a)(2).[6] The granting of a motion for leave to amend the pleadings is within the sound discretion of the court. Intrepid v. Pollock, 907 F.2d 1125, 1129 (Fed. Cir. 1990). Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Futility of the proposed amendment is an adequate reason to deny leave to amend." Cultor Corp. v. A.E. Staley Mfg. Co., 224 F.3d 1328 (Fed. Cir. 2000). In exercising its discretion, the court "will consider a variety of factors including, but not limited to, (1) the timeliness of the motion to amend the pleadings; (2) the potential prejudice to the opposing party; (3) whether additional discovery will be necessary; (4) the procedural posture of the litigation; (5) whether the omitted counterclaim is compulsory; (6) the impact on the court's

---

[6] USCIT R. 15(a)(1) does provide for Amending as a Matter of Course. USCIT R. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.") However, this provision clearly does not apply here because the amendment was sought more than 21 days after service, see Plaintiff's Complaint (filed May 23, 2003); Plaintiff's Motion (filed June 2, 2011), and more than 21 days after service of the responsive pleading, see Answer of Defendant, Bureau of Customs and Border Protection, Doc. No. 16 (filed July 25, 2003); Plaintiff's Motion (filed June 7, 2011).

docket; and (7) the public interest." Tomoegawa (U.S.A.), Inc. v. United States, 15 CIT 182, 186, 763 F. Supp. 614 (1991) (citing Budd Co. v. Travelers Indem. Co., 109 F.R.D. 561, 563 (E.D. Mich. 1986)).

## IV
## DISCUSSION

The crux of Defendant Customs' opposition to Giorgio's first through fourth requests to amend is Custom's reading of the Federal Circuit's holding in SKF. See Defendant United States Customs and Border Protection's Response to Plaintiff's Second Motion to Amend the Complaint ("Customs' Response").[7] According to Customs, the "Federal Circuit essentially held that a producer must both (1) indicate its support of the petition (by checking the support box on the questionnaire) and (2) demonstrate that its support of the petition is not merely abstract (through active participation)." Id. at 6 (citing SKF, 556 F.3d at 1353 n.26) (emphasis in original); see id. at 10 (citing SKF, 556 F.3d at 1352-54). Customs argues that because Giorgio "concedes that it opposed the antidumping petition with respect to India and took no position with respect to the antidumping petitions regarding Chile, China and Indonesia," id. at 10,

---

[7] Defendant ITC addresses only Giorgio's third request in its reply brief, stating "[a]lthough Giorgio's other proposed amendments are not addressed by the Commission here, the Commission agrees with and supports the arguments made by the U.S. Department of Justice and U.S. Customs and Border Protection today in their opposition to Giorgio's motion for leave to amend its complaint." Defendant United States International Trade Commission's Opposition to Plaintiff's Motion to Amend the Complaint at 2 n.2 ("ITC's Opposition"). Echoing Defendants, Defendant-Intervenors, L.K. Bowman Company and the Mushroom Company (formerly, Mushroom Canning Company), concisely oppose Plaintiff's request to amend; Defendant-Intervenors argue Plaintiff's Motion should be denied because "(1) the proposed amendments are futile, and (2) Plaintiff unduly delayed in seeking leave to amend the complaint." Defendant-Intervenors' Joint Response to Plaintiff's Second Motion for Leave to Amend the Complaint at 2 ("Defendant-Intervenors' Response") (internal citations and footnotes omitted).

Giorgio's proposed amendments for its first four claims should all be rejected as futile, see id.[8]

Giorgio's first and second requests to amend its complaint, abandoning its constitutional facial challenges to the CDSOA, are granted. Infra Part IV.A.  All of Giorgio's remaining requests are denied. Infra Parts IV.B-D.

## A
## Giorgio's First And Second Requests, Abandoning Its Constitutional Facial Challenges To The CDSOA, Are Granted

With regards to Giorgio's first and second requests, the court has previously encountered Defendant's arguments in a similar context;[9] in response the court found:

> [N]o prejudice to defendant or defendant-intervenors . . . would result from allowing the amendment of the two earlier complaints, and neither defendant nor defendant-intervenors point to any.  The opposition to plaintiff's motions to amend is based solely on the ground of futility.  However, in the circumstances of this consolidated case, in which the legal theory supporting the new claim and the new factual allegations already are before the court and are addressed in defendant-intervenors' motion to dismiss and for judgment on the pleadings, and in which amendment would not prejudice opposing parties, the court is not required to consider futility in ruling on plaintiff's motions to amend.

Std. Furniture Mfg. Co., Inc. v. United States, Slip Op. 11-032, 2011 Ct. Intl. Trade LEXIS 30, at *10-11 (CIT March 23, 2011) (granting Plaintiff's motions to amend) (citing Foman, 371 U.S. at

---

[8] See Customs' Response at 3 ("proposed amendments to the first and second claims are futile and should be rejected"); 10 (Giorgio's proposed amendment to the third claim "fails to allege facts that would state a claim for relief and should therefore be rejected as futile"), 11 (Giorgio's proposed amendment to the fourth claim "should be rejected as futile" because "Giorgio fails to allege facts that would state a claim for a due process violation").

182 ("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")).

Similarly here, neither Defendants nor Defendant-Intervenors posit that allowing the proposed amendment would prejudice any of the parties.  See Customs' Response; Defendant United States International Trade Commission's Opposition to Plaintiff's Motion to Amend the Complaint ("ITC's Opposition"); Defendant-Intervenors' Joint Response to Plaintiff's Second Motion for Leave to Amend the Complaint ("Defendant-Intervenors' Response").  Additionally, nothing in Giorgio's first two requests presents anything new to the court, see Complaint; Plaintiff's Proposed First Amended Complaint; as Giorgio notes "[t]he first and second amendments Giorgio proposes narrow the case by eliminating its two facial constitutional challenges, while retaining Giorgio's as applied challenges.  These amendments thus streamline the case," Plaintiff's Memo at 5.

---

[9] Compare Plaintiff's Motion for Leave to Amend Complaint, Court No. 07-00028, Std. Furniture Mfg. Co. v. United States, Doc. No. 47 at 5 (Plaintiff requested to amend its complaint in order "to clearly state that [Plaintiff] intends to present an argument not directly addressed by the Federal Circuit in the SKF case, namely, the constitutionality of the CDSOA's petition support requirement as applied to the facts in [Plaintiff's] case, which obviously was not before the Federal Circuit."), with Plaintiff's Motion at 2 ("Because the Federal Circuit upheld the statute so construed, Giorgio acknowledges that its facial challenge to the statute no longer is viable.  Accordingly, Giorgio seeks leave to remove its facial challenge while maintaining its challenge under the First Amendment to the statute as applied to Giorgio.").

The court grants plaintiff's motion with regards to its first and second requests.[10]

**B**
**Giorgio's Third Request, To Reinstate Its Previously Abandoned Statutory Claim, Is Denied**

With regards to Giorgio's third request, Defendant ITC argues that

> [b]ecause Giorgio failed to respond almost five years ago to the Commission's motion to dismiss a statutory claim materially identical to the one proposed by Giorgio in this amendment and because Giorgio has waited more than two years since the Federal Circuit's decision in [SKF] to file this proposed amendment to its complaint, granting Giorgio's motion to include a statutory claim would be unduly prejudicial to the Commission and would constitute undue delay by Giorgio in bringing its claim.

ITC's Opposition at 2. ITC states that it "is not arguing the meaning of the Federal Circuit's decision in [SKF] to establish the proper test of producer's petition support status under the statute nor does the Commission believe that the Court must resolve the issue at this time to deny Giorgio's motion to include the proposed statutory claim." Id. at 11 n.3. Defendant-Intervenors agree that "Plaintiff's purported 'new' claim is not premised on any facts or legal theories previously unknown to Plaintiff" and is in fact "identical to a claim that Plaintiff dismissed four years ago in order to allow the court to focus instead on what Plaintiff called 'legitimate claims.'" Defendant-Intervenors' Response at 2 (emphasis in original).

Giorgio argues that its third proposed amendment is a new claim alleging that "(1) the Commission's eligibility determination for Giorgio, and (2) [Customs'] refusal to provide

---

[10] Giorgio disagrees with Customs' characterization of SKF; Giorgio argues that the ITC, in other CDSOA cases, "has incorrectly construed the decision in SKF as requiring actions in addition to the expression of particular views." Plaintiff's Memo at 8. Giorgio asserts that "[a]n unconstitutional condition cannot be made constitutional by adding other conditions–it remains unconstitutional standing alone or in combination with other factors." October 13, 2011 Oral Argument at 11:01:12-11:01:23. At this time, it is unnecessary for the court to determine the exact parameters of the "support" requirement of the CDSOA; therefore, it is unnecessary to address the parties' disparate interpretations of SKF.

distributions to Giorgio, are inconsistent with the CDSOA's petition support requirement as now construed by the Federal Circuit in SKF." Plaintiff's Memo at 6.  Giorgio further contends that "[t]his claim differs in both scope and substance from the statutory claim Giorgio had raised in its initial complaint but later withdrew." Id.  Specifically, Giorgio alleges that its new claim (1) will include a challenge to the antidumping duty order resulting from the investigation concerning certain preserved mushrooms from India, whereas before Giorgio only alleged a claim with regards to antidumping duty orders resulting from the investigations for China, Chile, and Indonesia and (2) is "predicated on SKF's construction of the statute, which was unknown both at the time Giorgio filed its original complaint and at the time it withdrew its original statutory claim." Plaintiff's Memo at 6 n.2.

Giorgio's third request is denied.  Giorgio's new claim is not substantively different from its previously abandoned claim; Giorgio's attempt to add a new claim is futile since Giorgio specifically opposed the antidumping petition with respect to India, Plaintiff's Proposed First Amended Complaint at 8, and is therefore precluded from asserting a CDSOA violation claim after SKF, See SKF, 556 F.3d at 1359 (stating it was "thus rational for Congress to conclude that those who did not support the petition should not be rewarded"); Candle Corp. of Am. v. United States, 374 F.3d 1087, 1094 (Fed. Cir. 2004) ("The purpose of the statute is quite clear – to bar opposers of antidumping investigations from securing payments either directly or through the

acquisition of supporting parties").[11]

## C
## Giorgio's Fourth Request, To Add A Claim For Violation Of The Due Process Clause, Is Denied

Giorgio "also seeks to add substantive and procedural due process claims," Plaintiff's Memo at 9, arguing that "[p]rocedurally . . . as the CDSOA provided Giorgio no notice of or opportunity for any proceeding in which it could demonstrate the actions it took in support of the petition, [Giorgio] is entitled to a trial de novo on such issues before this Court, which it seeks not only under its Claims One and Two but also under Claim Three," id. at 10.

Defendant argues that "Giorgio fails to allege facts that would state a claim for a due process violation." Customs' Response at 11.  Because Defendant asserts that the CDSOA "actually precludes Giorgio from receiving CDSOA distributions," Defendant argues Giorgio is unable to assert a "legitimate claim of entitlement," necessary to make a claim upon which relief can be granted and therefore should be rejected for futility. Id. (internal citations omitted) (emphasis in original).

In granting Giorgio's first and second requests, see supra Parts IV.A and IV.B, the court has already rejected Defendant's argument that the CDSOA definitively "precludes Giorgio from receiving CDSOA distributions," Customs' Response at 11 (emphasis in original).  However,

---

[11] It is undisputed that in SKF the Plaintiff opposed the antidumping investigation in that case in the same way Giorgio opposed the antidumping investigation concerning certain preserved mushrooms from India, i.e. both checked the "no" box. Compare SKF, 556 F.3d. at 1343 ("SKF also responded to the ITC's questionnaire, but stated that it opposed the antidumping petition"), with Plaintiff's Proposed First Amended Complaint at 8 (Plaintiff "indicated that it (1) took no position with respect to the petition filed against preserved mushrooms from Chile, China, and Indonesia, and (2) opposed the petition with respect to India."). The Federal Circuit determined that "Congress could permissibly conclude that it is not required to reward an opposing party." SKF, 556 F.3d. at 1358. Therefore, any claim Giorgio brings with regards to the antidumping duty orders resulting from the investigation concerning India is futile after SKF.

Giorgio has failed to meet its burden of providing facts that would state a claim for a due process violation. As pointed out by Giorgio, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (internal citations omitted) cited by Plaintiff's Memo at 11. Giorgio, however, has had and continues to have an opportunity to challenge its exclusion from the list of those receiving distributions compiled by Customs. See Complaint (providing the procedural background prior to Giorgio's filing of the present case).[12] Giorgio's fourth request is denied.

## D
## Giorgio's Fifth Request, To Add A Claim For Money Damages, Is Denied

Giorgio argues that it should be allowed "to expand and clarify its request for relief, including by expressly requesting an award of money damages against the United States." Plaintiff's Memo at 12. Giorgio asserts any objection would be "frivolous," because "every final judgment of this Court 'should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading,'" id. at 13 (citing USCIT R. 54(c)), and because 28 U.S.C. § 2643 "authorizes entry of a money judgment against the United States 'in any civil action commenced under section 1581 or 1582 of this title,'" id. (citing 28 U.S.C. § 2643(a)(1)). Giorgio argues that Defendants ignore the latter provision when asserting that the Administrative

---

[12] See Complaint at 11-13 ("Customs . . . annually publishes a notice of intent to distribute offsets for the soon to be completed fiscal year. . . . Pursuant to that notice, on October 2, 2001, Giorgio Foods filed . . . certifications [and] requested that the commission modify its list of affected domestic producers . . . . On October 11, 2001, the Commission responded to Giorgio Foods request . . . On October 22, 2001, Giorgio Foods responded to the Commission's October 11, 2001 letter . . . On January 3, 2002, the Commission responded to Giorgio Foods October 22, 2001 letter.").

Procedures Act ("APA"), the applicable statute when jurisdiction is derived from 28 U.S.C. § 1581(i), see 28 U.S.C. § 2640(e), prevents money damages from being awarded due to the APA's limited sovereign immunity provision. Plaintiff's Memo at 13.

Customs argues that "[c]ontrary to Giorgio's assertions, the Court of International Trade is not permitted to issue money judgments in section 1581(i) cases." Customs' Response at 12. In support of its position, Customs cites Wopsock v. Natchees, 454 F.3d 1327, 1333 (Fed. Cir. 2006) ("The APA does not authorize an award of money damages at all; to the contrary, section 10(a) of the APA, 5 U.S.C. § 702, specifically limits the Act to actions 'seeking relief other than money damages.'"),[13] asserting also that "this Court and the Federal Circuit have repeatedly recognized that a plaintiff in a section 1581(i) case must generally rely upon the waiver of sovereign immunity provided by the APA." Customs' Response at 12 (internal citations omitted).[14]

Giorgio incorrectly conflates the terms of the relief requested.  The Supreme Court, when discussing section 702 of the APA, noted

> Our cases have long recognized the distinction between an action at law for damages–which are intended to provide a victim with monetary compensation for an injury to his person, property, or

---

[13] Section 702 of the APA states "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief <u>other than money damages</u> and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 USC § 702 (emphasis added).

[14] Customs cites a line of cases in support of its position, specifically highlighting Canadian Lumber Trade Alliance v. United States, 441 F. Supp. 2d 1259, 1265 (CIT 2006), aff'd in part, vacated in part, 517 F.3d 1319 (Fed. Cir. 2008) ("Given that the United States, and the agencies thereof, are cloaked in sovereign immunity, a party may only sue the United States for monetary damages when Congress has affirmatively waived the government's immunity . . . .  Here, Plaintiffs have raised their claims under the [APA].  Although the APA generally waives the Unites States' immunity from suit, it does not permit claims for monetary damages."). Customs' Response at 12-14.

>  reputation–and an equitable action for specific relief–which may
>  include an order providing for the reinstatement of an employee
>  with backpay, or for the recovery of specific property or monies,
>  ejectment from land, or injunction either directing or restraining
>  the defendant officer's actions.  The fact that a judicial remedy
>  may require one party to pay money to another is not a sufficient
>  reason to characterize the relief as "money damages."  Thus, we
>  have recognized that relief that orders a town to reimburse parents
>  for educational costs that Congress intended the town to pay is not
>  "damages" . . . .

Bowen v. Massachusetts, 487 U.S. 879, 893-894, 108 S. Ct. 2722, 101 L. Ed. 2d 749 (1988)

(internal quotes, citations, and original emphasis omitted).  The situation described by the Bowen Court is similar to the one here.  Giorgio requests the following relief in its Proposed Second Amended Complaint:

> c. Order Customs to release to Giorgio all CDSOA distributions
> Customs has withheld with respect to Fiscal Years 2006-2009, and
> for any years thereafter.
>
> d. Order Defendant United States to pay to Giorgio <u>as money
> damages</u> all of Giorgio's lawful share of all CDSOA
> disbursements under the antidumping duty orders governing
> certain preserved mushrooms from Chile, China, Indonesia, and
> India, for FY 2001-2010, and in the future, to the extent not
> covered by the release of withheld funds.
>
> c.[sic] In the alternative, and to the extent the Court determines
> that Giorgio was entitled to CDSOA distributions but is not
> entitled to a money judgment against the United States, order
> Defendant-Intervenors L.K. Bowman Company, Monterey
> Mushrooms, Inc., and Mushroom Canning Company to disgorge
> and make full restitution to Giorgio of Giorgio's lawful share of all
> CDSOA disbursements they have received under the antidumping
> duty orders governing certain preserved mushrooms from Chile,
> China, Indonesia, and India.
>
> f. In the alternative, order Customs to recoup overpayments in
> respect of CDSOA distributions paid to persons other than Giorgio
> under each of the antidumping duty order governing certain

> preserved mushrooms from Chile, China, Indonesia, and India, as a
> result of the unlawful denial of CDSOA benefits to Giorgio, and to
> pay such funds to Giorgio.

Proposed Second Amended Complaint, Doc. No. 150-1 at 27 (emphasis added). Except as an unnecessary label, nowhere does Giorgio seek, as the Supreme Court has defined it in this context, "money damages" but only "the recovery of specific property or monies." Bowen, 487 U.S. at 893-894; see Proposed Second Amended Complaint at 27.[15]

Because Giorgio is not seeking monetary damages, only monetary compensation which has been articulated in its Plaintiff's Proposed First Amended Complaint,[16] and because, as pointed out by Giorgio, "every final judgment of this Court 'should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading,'" Plaintiff's Memo at 13 (citing USCIT R. 54(c)), the court agrees with Giorgio's counsel at oral argument that Giorgio's fifth request is unnecessary.[17] Giorgio's fifth request is denied.[18]

---

[15] It is unnecessary for the court to determine whether it may issue money judgments under jurisdiction arising from section 1581(i); however, the court does note that Plaintiff persuasively argued that money judgments are allowed. Plaintiff argues that it brings its claims under 28 U.S.C. § 1581(i) which grants this court jurisdiction, but does not provide a cause of action (which arises under the first sentence of section 702 of the APA, 5 U.S.C. § 702). See Plaintiff's Memo at 13; October 13, 2011 Oral Argument 11:30:22-11:31:05. However, Plaintiff relies on the later in time authorization of relief found in 28 U.S.C. § 2643 and not the limited sovereign immunity waiver of the APA. See Plaintiff's Memo at 13; October 13, 2011 Oral Argument 11:32:11-11:33:56. Giorgio argues that 28 U.S.C. § 2643 unequivocally authorizes entry of a money judgment against the United States "in any civil action commenced under section 1581 or 1582 of this title." Plaintiff's Memo at 13; 28 U.S.C. § 2643; see Sioux Honey Ass'n v. Hartford Fire Ins. Co., 700 F. Supp. 2d 1330, 1342 n.6 (CIT 2010) ("Those expressly granted remedial powers included, in § 2643(a), powers to order the monetary relief that would be needed in all cases heard under the court's original jurisdiction as provided in 28 U.S.C. §§ 1581 through 1583 . . . ."). Congress granted this authority concurrent with Congress' jurisdictional grant to the Court of International Trade in the Customs Court Act of 1980, four years after Congress articulated the limited sovereign immunity waiver of the APA in 1976. Compare 28 U.S.C. § 2643 with 5 U.S.C. § 702.

[16] See Plaintiff's Proposed First Amended Complaint at 19 ("Order Customs to release to Giorgio Foods all CDSOA distributions Customs has withheld with respect to Fiscal Years 2006 and thereafter.").

[17] Giorgio asserted that "[w]e believe our request for money damages . . . is a clarification of the relief we are requesting rather than a new claim  . . . .  We don't need it, but we want it." October 13, 2011 Oral Argument 11:27:04-11:27:56.

# V
# CONCLUSION

For the reasons above, Giorgio's Motion is GRANTED in part and DENIED in part. As to its first and second requests, Plaintiff's Motion is GRANTED; as to its third, fourth, and fifth requests, Plaintiff's Motion is DENIED.

__/s/ Evan J. Wallach____<br>
Evan J. Wallach, Judge

Dated: November 17, 2011
       New York, New York

---

[18] On October 27, 2011, Customs filed Defendant's United States Customs and Border Protection's Notice of Subsequent Authority, Doc. No. 167 ("Defendant's Supplemental") "direct[ing] the Court's attention to the recent order issued in Furniture Brands Int'l, Inc. v. United States." Defendant's Supplemental at 1 (citing Furniture Brands Int'l, Inc. v. United States, Slip Op. 2011-132, 2011 Ct. Int'l Trade LEXIS 131 (CIT Oct. 20, 2011)). Customs argued that in that case, the court "dismissed the complaint for failure to state a claim upon which relief can be granted and denied plaintiff's motion to amend the complaint." Id.

    This opinion is consistent with Furniture Brands Int'l; in Furniture Brands Int'l, the plaintiff opposed the antidumping investigation, much the same way Plaintiff in this case opposed the antidumping investigation concerning certain preserved mushrooms from India. Compare Furniture Brands Int'l, 2011 Ct. Int'l Trade LEXIS 131 at *1 ("During proceedings before the ITC to determine whether such imports were causing or threatening to cause material injury to the domestic industry, Furniture Brands responded to the ITC's questionnaires, opposing the issuance of the antidumping order.") with Plaintiff's Proposed First Amended Complaint at 8 (Plaintiff "indicated that it (1) took no position with respect to the petition filed against preserved mushrooms from Chile, China, and Indonesia, and (2) opposed the petition with respect to India."); see supra 10 n.11. Furniture Brands Int'l did not address the situation before the court presently, i.e. when Plaintiff takes no position with regards to the filing of a petition and allegedly supports the petition in other ways.