Slip Op. 13-14

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **GIORGIO FOODS, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION,**<br><br>    Defendants,<br><br>and<br><br>**L.K. BOWMAN COMPANY**, **THE MUSHROOM COMPANY**, and **MONTEREY MUSHROOMS, INC.,**<br><br>    Defendant-intervenors. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 03-00286** |

## OPINION AND ORDER

[Denying plaintiff's motion to stay action and allowing plaintiff thirty additional days to respond to motions to dismiss]

Dated: January 30, 2013

*Michael T. Shor* and *Sarah Brackney Arni*, Arnold & Porter LLP, of Washington, DC, for plaintiff.

*Courtney S. McNamara*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.  With her on the brief were *Stuart F. Delery*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director.

*Neal J. Reynolds*, Assistant General Counsel for Litigation, and *Patrick V. Gallagher, Jr.*, Attorney Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant U.S. International Trade Commission.

*Valerie A. Slater*, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, DC, for defendant-intervenors L.K. Bowman Company and The Mushroom Company.  With her on the brief were *W. Randolph Teslik* and *Troy D. Cahill.*

*Michael J. Coursey* and *R. Alan Luberda*, Kelley Drye & Warren, LLP, of Washington, DC, for defendant-intervenor Monterey Mushrooms, Inc.

Stanceu, Judge: In this action, plaintiff Giorgio Foods, Inc. ("Giorgio") challenges decisions by the U.S. International Trade Commission (the "ITC") and U.S. Customs and Border Protection to deny Giorgio benefits under the now-repealed Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA" or "Byrd Amendment")[1] on the basis of Giorgio's questionnaire responses during the ITC's investigation of certain preserved mushrooms from Chile, China, India, and Indonesia.[2]  Second Am. Compl. ¶¶ 1-14 (Jun. 7, 2011), ECF No. 150-1.  Defendant United States, defendant ITC, and defendant-intervenors L.K. Bowman Company, The Mushroom Company (formerly, Mushroom Canning Company), and Monterey Mushrooms, Inc. move to dismiss this action.[3]  The court has jurisdiction over this matter pursuant to section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(i)(4) (2006).

---

[1] Pub.L. No. 106-387, §§ 1001-03, 114 Stat. 1549, 1549A-72-75, 19 U.S.C. § 1675c (2000), *repealed by* Deficit Reduction Act of 2005, Pub.L. 109-171, § 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).

[2] The procedural history of this action can be found in previous opinions of this Court. *See Giorgio Foods Inc. v. United States*, 31 CIT 1261, 1262, 515 F.Supp.2d 1313, 1316 (2007) ("*Giorgio I*"), *Giorgio Foods Inc. v. United States*, 35 CIT __, __, 755 F.Supp.2d 1342, 1344-45 (2011) ("*Giorgio II*"), *Giorgio Foods Inc. v. United States*, 35 CIT __, __, 804 F.Supp.2d 1315, 1317-18 (2011) ("*Giorgio III*").

[3] Def. U.S. Int'l Trade Comm'n's Mot. to Dismiss Pursuant to R. 12(b)(5) (Oct. 16, 2012), ECF No. 179; Def.'s Mot. to Dismiss for Failure to State a Claim upon which Relief Can Be Granted and Mot. to Dismiss for Lack of Jurisdiction (Oct. 16, 2012), ECF No. 180; Mot. by Def.-Intervenors L.K. Bowman Co. and The Mushroom Co. (Formerly Mushroom Canning Co.) to Dismiss (Oct. 16, 2012), ECF No. 181; Def.-Intervenor Monterey Mushrooms, Inc.'s Mot. to Dismiss Pl.'s Second Am. Compl. Pursuant to R. 12(B)(1) and 12(B)(5) (Oct. 16, 2012), ECF No. 182.

Before the court is plaintiff's motion requesting a stay of the proceedings pending the

outcome of two appeals of CDSOA-related decisions arising from an antidumping duty order on

Chinese wooden bedroom furniture that are currently before the Court of Appeals for the Federal

Circuit ("Court of Appeals"): *Ashley Furniture Industries, Inc. v. United States*, 36 CIT__,

818 F. Supp. 2d 1355 (2012) *appeal docketed*, No. 2012-1196 (Fed. Cir. Feb. 1, 2012) and *Ethan*

*Allen Global, Inc. v. United States*, 36 CIT__, 816 F. Supp. 2d 1330 (2012), *appeal docketed*,

No. 2012-1200 (Fed. Cir. Feb. 7, 2012) (collectively, the "furniture appeals").  Corrected Mot. to

Stay, or in the Alternative, for an Extension of Time to Respond to Mot.'s to Dismiss 1

(Nov. 19, 2012), ECF No. 184 ("Pl.'s Mot."); Mem. in Supp. of Corrected Mot. to Stay, or in the

Alternative, for an Extension of Time to Respond to Mots. to Dismiss 9 (Nov. 19, 2012),

ECF No. 184-2 ("Pl.'s Mem.").  All of the defendants and defendant-intervenors oppose the stay.

Resp. in Opp'n to Mot. to Stay the Proceeding (Dec. 17, 2012), ECF No. 191("ITC's Resp.");

Resp. in Opp'n to Mot. to Stay (Dec. 17, 2012), ECF No. 192 ("Customs' Resp."); Resp. of

Def.-Intervenors L.K. Bowman and The Mushroom Co. (formerly Mushroom Canning Co.) to

Pl.'s Mot. to Stay, or in the Alternative, for an Extension of Time to Respond to Mot. to Dismiss

(Dec. 17, 2012), ECF No. 193 ("L.K. & Mushroom Co.'s Resp."); Resp. of Def.-Intervenor

Monterey Mushrooms, Inc. to Mot. of Pl.'s to Stay, or in the Alternative, for an Extension of

Time to Respond to Mots. to Dismiss (Dec. 17, 2012), ECF No. 194 ("Monterey's Resp.").

Should a stay not be granted, plaintiff requests an additional thirty days from the date of the

denial to file its response to defendants' and defendant-intervenors' motions to dismiss.  Pl.'s

Mot. 2.  Defendants and defendant-intervenors do not oppose this request.  ITC's Resp. 1 n.1;

Customs' Resp. 1; L.K. & Mushroom Co.'s Resp. 1 n.1; Monterey's Resp. 1 n.1.  For the reasons

stated below, the court denies plaintiff's motion to stay this action but will grant plaintiff the addition time to respond to the pending motions to dismiss.

Plaintiff's second amended complaint brings as-applied constitutional challenges, grounded in the First Amendment and the Fifth Amendment equal protection guarantee, to the CDSOA requirement that parties seeking CDSOA distributions indicate support for an antidumping petition "by letter or through questionnaire response." 19 U.S.C. § 1675c(b)(1)(A), (d)(1) (2000). Second Am. Compl. ¶¶ 89-98. Plaintiff also brings a claim alleging that defendant-intervenors have been "unjustly enriched at the expense of Giorgio," *id.* ¶ 108, and seeks "full restitution to Giorgio of Giorgio's lawful share of all CDSOA disbursements [defendant-intervenors] have received . . . ," *id.* ¶ 109(e).

A stay is granted at the court's discretion and must take into consideration the interests of judicial economy and efficiency. *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.*, 299 U.S. at 255.

Plaintiff argues that a stay of this action is appropriate because "[t]he decision in the furniture appeals will clarify the Federal Circuit's constitutional and statutory constructions with regard to the CDSOA's eligibility criteria," Pl.'s Mem. 5, and decide the question of how to apply *PS Chez Sidney, L.L.C. v. U.S. Int'l. Trade Comm'n,* 684 F.3d 1374 (2012) ("*PS Chez Sidney*"), which plaintiff believes controls this action, Pl.'s Mem. 14-15. However, plaintiff's argument that the outcome of the furniture appeals will bear on this action is mere speculation. Although the decisions on the pending appeals may clarify the law or move the law in a particular direction, such speculation is not, without more, a compelling reason to stay this case.

**Court No. 03-00286**

It is also speculative whether the furniture appeals will provide any clarification on plaintiff's unjust enrichment/restitution claim.  Additionally, the recent decision of the Court of Appeals in *PS Chez Sidney* is distinguishable from this case.  For these reasons, the court is unable to discern from plaintiff's motion a compelling reason for a stay.

Plaintiff also submits that defendants and defendant-intervenors "will suffer no harm if this case is stayed." *Id.* at 6.  Even were the court to assume a lack of any such harm, the court still would not grant plaintiff's motion to stay.  Plaintiff has failed to show how a stay at the current time would promote judicial economy and efficiency rather than delay this case.

Accordingly, the court denies plaintiff's request for a stay but grants plaintiff's request for thirty additional days to respond to the motions to dismiss.

<u>CONCLUSION AND ORDER</u>

Therefore, upon consideration of plaintiff's motion, defendants' and defendant-intervenors' responses to plaintiff's motion, and all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion to stay is denied; and it is further

**ORDERED** that plaintiff shall have thirty (30) days from the date of this Opinion and Order to respond to defendants' and defendant-intervenors' motions to dismiss.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: January 30, 2013
       New York, New York